FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 21 2026

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>**JAMES JOSEPH OWENS,**<br><br>Defendant. | CRIMINAL NO. 26-217 JB<br><br>Counts 1-8: 18 U.S.C. § 1343: Wire Fraud;<br><br>Counts 9-31: 18 U.S.C. § 1957: Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity;<br><br>Count 32: 26 U.S.C. § 7201: Attempt to Evade and Defeat Tax. |

INDICTMENT

The Grand Jury charges:

General Allegations

1. The Norbertine Community is a religious order of the Catholic Church. It has existed for more than 900 years. This ancient order currently includes a foundation in New Mexico known as Santa María de la Vid Abbey (meaning Our Lady of the Vine), located at 5825 Coors Blvd. SW in the City of Albuquerque.

2. On February 21, 1996, Santa María de la Vid established a domestic nonprofit corporation—known as the Norbertine Community of New Mexico (hereinafter, "NCNM")—with the New Mexico Secretary of State. This corporation is exempt from federal income tax, pursuant to section 501(c)(3) of the Internal Revenue Code, because it operates for charitable purposes. Santa María de la Vid's assets are property of NCNM.

3. NCNM's board of directors is responsible for making the corporation's major financial decisions. A treasurer, who is appointed by the board, oversees NCNM's investments and budgetary matters.

4. Santa María de la Vid was elevated to the status of abbey on December 12, 2011. Abbey members currently provide ministry through service at local parishes and as hospital and police chaplains. They also operate a spirituality center that is available for retreats. Members of the abbey receive a modest monthly allowance. They also have access to corporate credit cards to charge authorized expenses, such as groceries, restaurant dining, and travel.

5. Santa María de la Vid has also formed two other domestic limited liability companies in New Mexico: Norbertine Community Land Holdings, LLC, established on November 6, 2014, and Norbertine Community Property Holdings, LLC, established on October 11, 2016.

6. Over the years, NCNM has held accounts at several financial institutions, including Northern Trust Corporation, Bank of the West, New Mexico Bank and Trust, and Charles Schwab Corporation. The accounts at Northern Trust have included one account designed for foundation support (x1829), a second account designated for seminary and education (x1831), a third account designated for retirement funds (x0986), and a fourth account designated for building and grounds funds (x4278). NCNM has also used an outside company, Fayaz Sarofim and Company of Houston, Texas, as a financial advisor and investment manager.

7. The defendant, James Joseph Owens (hereinafter, "Defendant"), became a brother of the Norbertine Community and Santa María de la Vid in 2009. He became a permanent member in 2016. Defendant, upon joining, took vows of poverty and obedience, as all abbey

members do. Defendant agreed to transfer all his personal assets to NCNM. He further agreed to turn over any future personal earnings or income to the abbey.

8. In 2016, NCNM's board of directors appointed Defendant as the corporation's treasurer. The board selected Defendant based on his prior experience in financial matters, including as a licensed certified public accountant in the State of Pennsylvania from 1985 to 1994. Defendant attended meetings of NCNM's finance counsel. He also handled payment of NCNM's expenses.

9. Defendant had signatory authority for NCNM's financial accounts at Northern Trust and New Mexico Bank and Trust. Defendant also supervised NCNM's bookkeeper. He had permission to communicate NCNM's investment goals to its outside financial advisor, Fayaz Sarofim and Co. Defendant did not, however, have any authority to trade assets owned by NCNM for his own personal benefit.

10. Defendant held a license to practice law in the State of New Mexico from 1988 to 2024. On September 14, 2020, he established a domestic nonprofit corporation known as the Santa Barbara Advocacy Center (hereinafter, "SBAC"). Defendant controlled an account for SBAC at New Mexico Bank and Trust (x7924).

11. Around 2020, Santa María de la Vid and NCNM began a development project to expand its retreat facilities. This involved the liquidation of funds from investment accounts at Northern Trust. NCNM fully authorized Defendant to participate in these efforts in the capacity of treasurer. NCNM expected Defendant to act to NCNM's benefit in these financial dealings and not to enrich himself.

12. Nevertheless, in 2022, Defendant stole funds belonging to Santa María de la Vid and NCNM by means of wire communications, monetary transactions, and other unauthorized

conduct. Defendant used these funds for his own personal benefit, including through further transactions involving accounts he controlled at Charles Schwab Corporation, Coinbase Global, Inc., E*Trade Financial Center, Fidelity Investments, New Mexico Bank and Trust, and U.S. Bancorp (U.S. Bank). Defendant used some of the stolen funds to purchase a home in Placitas, New Mexico. In total, Defendant stole over $2,000,000 in funds belonging to Santa María de la Vid and NCNM. Defendant's federal income tax return for 2022 did not report the income he derived from these transactions and accounts.

Counts 1-8

Paragraphs 1 through 12, as set forth above, are incorporated in this part of the indictment as if fully re-alleged herein.

On or about the dates listed below, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **JAMES JOSEPH OWENS**, with intent to defraud, knowingly and unlawfully devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing and attempting to execute the scheme and artifice, caused writings, signs, and signals to be transmitted by means of wire communications in interstate commerce as described below:

| Count | On or about | Amount | Description of Wire Communication in Interstate or Foreign Commerce |
|---|---|---|---|
| 1 | May 13, 2022 | $300,000 | From Northern Trust account x0986 to New Mexico Bank and Trust account x7924 |
| 2 | June 27, 2022 | $300,000 | From Northern Trust account x0986 to New Mexico Bank and Trust account x7924 |
| 3 | July 11, 2022 | $250,000 | From Northern Trust account x0986 to New Mexico Bank and Trust account x7924 |

| | | | |
|---|---|---|---|
| 4 | August 15, 2022 | $300,000 | From Northern Trust account x1829 to New Mexico Bank and Trust account x7924 |
| 5 | August 26, 2022 | $5,500 | From Northern Trust account x1831 to US Bank account x0189 |
| 6 | September 16, 2022 | $300,000 | From Northern Trust account x1829 to Charles Schwab account x4763 |
| 7 | October 19, 2022 | $500,000 | From Northern Trust account x1831 to Charles Schwab account x4763 |
| 8 | December 28, 2022 | $400,000 | From Northern Trust account x1831 to E*Trade account x2032 |

In violation of 18 U.S.C. § 1343.

Counts 9-31

Paragraphs 1 through 12 and Counts 1 through 8, as set forth above, are incorporated in this part of the indictment as if fully re-alleged herein.

On or about the dates set forth below, in the District of New Mexico, and elsewhere, the defendant, **JAMES JOSEPH OWENS**, knowingly engaged and attempted to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the withdrawal and transfer of funds, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343.

| Count | On or about | Amount | Monetary Transaction |
|---|---|---|---|
| 9 | May 18, 2022 | $300,000 | Wire transfer from New Mexico Bank and Trust account x7924 to account at Commonwealth Bank of Australia |
| 10 | June 9, 2022 | $100,000 | Wire transfer from Charles Schwab account x4763 to account at National Australia Bank |
| 11 | June 29, 2022 | $300,000 | Wire transfer from New Mexico Bank and Trust account x7924 to account at National Australia Bank |
| 12 | July 25, 2022 | $200,000 | Wire transfer from New Mexico Bank and Trust account x7924 to account at National Australia Bank |

| | | | |
|---|---|---|---|
| 13 | August 29, 2022 | $40,000 | Schwab Money Link transfer from New Mexico Bank and Trust account x7924 to Charles Schwab account x4763 |
| 14 | August 29, 2022 | $100,000 | Schwab Money Link transfer from New Mexico Bank and Trust account x7924 to Charles Schwab account x4763 |
| 15 | August 29, 2022 | $100,000 | Schwab Money Link transfer from New Mexico Bank and Trust account x7924 to Charles Schwab account x4763 |
| 16 | August 29, 2022 | $60,000 | Schwab Money Link transfer from New Mexico Bank and Trust account x7924 to Charles Schwab account x4763 |
| 17 | September 19, 2022 | $300,000 | Wire transfer from Charles Schwab account x4763 to CIMB Bank Berhad of Malaysia |
| 18 | October 20, 2022 | $300,000 | Wire transfer from Charles Schwab account x4763 to Alliance Bank Malaysia Berhad |
| 19 | November 2, 2022 | $100,000 | Wire transfer from Charles Schwab account x4763 to Coinbase account x4107 |
| 20 | November 3, 2022 | $20,000 | Wire transfer from Charles Schwab account x4763 to Coinbase account x4107 |
| 21 | November 15, 2022 | $20,000 | Schwab Money Link transfer from Charles Schwab account x4763 to US Bank account x0189 |
| 22 | November 23, 2022 | $200,000 | Charles Schwab inter-account transfer from account x4763 to x8393 |
| 23 | January 19, 2023 | $190,000 | Wire transfer from Charles Schwab account x4763 to Fidelity National Title |
| 24 | January 23, 2023 | $413,404.60 | Wire transfer from E*Trade account x2032 to Wells Fargo Bank FBO Fidelity National Title |
| 25 | January 24, 2023 | $52,794.71 | Wire transfer from Charles Schwab account x4763 to Fidelity National Title |
| 26 | January 30, 2023 | $27,232.29 | Charles Schwab account transfer from account x4763 to Fidelity Investments account x4281 |

| | | | |
|---|---|---|---|
| 27 | January 30, 2023 | $202,681.41 | Charles Schwab account transfer from account x4763 to Fidelity Investments account x4281 |
| 28 | March 20, 2023 | $27,295.09 | Fidelity inter-account transfer from account x4281 to account x5169 |
| 29 | March 20, 2023 | $198,210.04 | Inter-account transfer from Fidelity account x4281 to Fidelity account x5169 |
| 30 | March 22, 2023 | $50,000 | Wire transfer from Fidelity account x5169 to Coinbase account x4107 |
| 31 | March 23, 2023 | $11,000 | Wire transfer from Fidelity account x5169 to Coinbase account x4107 |

In violation of 18 U.S.C. § 1957.

Count 32

Paragraphs 1 through 12 and Counts 1 through 8, as set forth above, are incorporated in this part of the indictment as if fully re-alleged herein.

From in or about April 18, 2023, through in or about April 27, 2023, in the District of New Mexico and elsewhere, the defendant, **JAMES JOSEPH OWENS**, a resident of Albuquerque, New Mexico, willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the calendar year 2022, by committing the following affirmative acts, among others, preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Form 1040X, which was submitted to the Internal Revenue Service. On that tax return, Defendant reported and caused to be reported that his taxable income for the calendar year 2022 was $23,934 and that the amount of tax due and owing was negative $958. In fact, as Defendant knew, his taxable income for the calendar year 2022 was greater than the amount reported on the tax return, and as a result of such additional taxable income, there was substantial additional tax due and owing to the United States of America.

In violation of 26 U.S.C §7201.

## FORFEITURE ALLEGATION

Counts 1 through 8 of this indictment are realleged and incorporated as part of this section for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Upon conviction of any offense in violation of 18 U.S.C. § 1343, the defendant, **JAMES JOSEPH OWENS**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to:

1. MONEY JUDGMENT

A sum of money representing property constituting or derived from proceeds traceable to the offense(s) set forth in the Count(s) of conviction.

If any of the property described above, as a result of any act or omission of the defendant[s]:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

## FORFEITURE ALLEGATION

Counts 9 through 31 of this indictment are realleged and incorporated as part of this section for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1).

Upon conviction of any offense in violation of 18 U.S.C. § 1957, the defendant, **JAMES JOSEPH OWENS**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGMENT

A sum of money representing property involved in the offense(s) set forth in the Count(s) of conviction and any property traceable to such property.

If any of the property described above, as a result of any act or omission of the defendant[s]:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

/s/

FOREPERSON OF THE GRAND JURY

Assistant United States Attorney