**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. CR 26-217 JB** |
| | § | |
| **JAMES JOSEPH OWENS,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S MOTION DESIGNATE AS COMPLEX CASE AND TO VACATE AND CONTINUE TRIAL AND DEADLINES**

COMES NOW Defendant, James Joseph Owens, by and through his counsel, Martín Juárez, Assistant Federal Public Defender, and respectfully moves the Court to vacate the current jury trial date of March 9, 2026, and pretrial deadlines, and for an order declaring this matter as a complex case that warrants tolling of the speedy trial time, and as grounds state:

1. On January 21, 2026, an Indictment was filed in the above captioned case charging defendant with 32 counts on varying theories of liability in alleged contravention of Title 18 U.S.C. Sections 1343 (Wire Fraud), 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity); and Title 26 U.S.C. Section 7201 (Attempt to Evade and Defeat Tax). As a result, the defense must undertake an intensive document heavy investigation into conditions as they existed several years ago.

2. Mr. Owens was arraigned on the Indictment and entered a plea of not guilty to all charges on January 29, 2026. Doc. 13.

3. Since that time, undersigned counsel has not sought a single continuance.

4. Mr. Owens is currently on conditions of release. Doc. 12.

5. This case is set for trial on March 9, 2026. Doc. 15.

6. The case is complex based on the fact that the gravity of the charges requires serious investigation and likely the retaining of an expert. Adding to the necessity of more time to investigate this case aside from the numerous charges is the large number of financial documents and the fact that the Indictment reaches several years into the past in its allegations.

7. Counsel must meticulously analyze the discovery, research any issues pertaining to the investigation, and retain experts. Given the complexity of the case, these tasks cannot be accomplished within the time limits prescribed by 18 U.S.C. Section 3161, and thus, it is necessary for the Court to declare this matter complex.

8. The government concurs that this case should be designated complex.

**Request to designate case complex**

The Speedy Trial Act generally requires that a federal trial commence within 70 days of the indictment. 18 U.S.C. § 3161(c)(1). The Act, however, permits a court to continue a trial, beyond the 70-day period, where the court sets forth reasons for finding that the ends of justice outweigh the interest in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The court's reasons for continuing a trial must be stated in the record either orally or in

writing. *Id.*; *see also United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009). In determining whether to grant such a continuance, the court considers a variety of factors. Relevant here, among the factors the Court may consider is whether "[a] case is so unusual or so complex" that it would be "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within" the Speedy Trial Act time limits. 18 U.S.C. § 3161(h)(7)(B)(ii). A court may declare a case complex based on the nature of the prosecution and the amount and complexity of the evidence. See *United States v. Gordon*, 710 F.3d 1124, 1158 (10th Cir. 2013) (holding that the district court did not err in declaring a case complex where the district court found that the discovery was "extensive and complex" and that "it would take additional time to sufficiently analyze and organize the evidence before trial"). Several features of this case support a complex case designation. Mr. Owens is charged in a thirty-two count indictment that includes allegations over a span of years. These allegations are several years old. Investigating allegations of this sort is difficult and arduous and potentially involves an extraordinary amount of time to find witnesses, locate evidence, and confirm dates and locations aside from the financial records. Given the nature and breadth of these allegations it would be unreasonable to expect the parties to adequately prepare for pretrial proceedings and for the trial itself within 70 days of this superseding indictment. The parties therefore respectfully request that the Court designate this case as complex, and in so doing, find that continuing the trial beyond the 70-day period normally required by 18 U.S.C. § 3161 outweighs the best interests of the public and the defendants in a speedy trial. The

government agrees with this continuance. Accordingly, Mr. Owens respectfully requests that the Court declare this case complex.

9. In conjunction with this request, Mr. Owens respectfully requests a continuance to complete several tasks that are vital to the defense and a continuance of all pretrial deadlines until a complex case order is entered setting the deadlines. The allegations in this case date back years and will each require a substantial devotion of time and resources.

10. The nature of the allegations indicates that significant time and resources are required to ensure that Mr. Owens' rights are fully enforced. Given the complexity of this case, the defense requires additional time to continue an investigation, research and prepare pretrial motions, and otherwise provide effective assistance of counsel to Mr. Owens.

11. A continuance of the trial and complex case designation is necessary for counsel to complete the following tasks:

A) As discussed, counsel requires time to investigate the allegations in this case. Those allegations stretch back several years and involve tracking down potential witnesses in different states to cover different parts of the charging period.

B) The parties require additional time to pursue plea negotiations.

C) Should plea negotiations not yield a resolution, defense counsel requires additional time to: a) interview any additional witnesses; b) to obtain expert witnesses for trial; and c) to file pretrial motions.

12. The right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Defendant will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

13. Defendant agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Defendant and will potentially allow him to reach a favorable resolution with the government. Undersigned counsel has consulted with Mr. Owens, and he is aware of his rights under the Speedy Trial Act, understands the need for a continuance, and agrees with this continuance.

14. Undersigned counsel affirmatively states that under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the ends of justice will be served by granting this extension of

time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendant, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will provide the parties time to discuss a possible negotiated resolution of this matter. Counsel for Mr. Owens is interested in negotiating with the government regarding a resolution of this case. Additional time is needed to pursue these negotiations. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Mr. Owens by providing access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket. Counsel is requesting this matter be continued from the Court's March 9, 2026 trial calendar and that the Court declare this case complex.

15. Assistant United States Attorney Sean Sullivan does not object to the relief requested in this Motion.

16. The parties will submit a proposed scheduling order within 7 days of this case being declared complex.

17. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the period of delay resulting from this continuance serves the ends of justice and this continuance outweighs the best interest of the public and the defendant in a resolution of this matter.

WHEREFORE, Defendant respectfully request that the Court designate this case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), vacate the current trial date of March 9, 2026 and pretrial deadlines, and exclude the computation of time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i)-(ii).

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd. NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
martin_juarez@fd.org

/s/ *Filed electronically on 2/18/26*
Martín Juárez, AFPD
Attorney for James Joseph Owens