**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. CR 26-217 JB** |
| | § | |
| **JAMES JOSEPH OWENS,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S UNOPPOSED SECOND MOTION TO CONTINUE THE JUNE 15, 2026 TRIAL SETTING, VACATE OTHER SETTINGS, AND EXTEND RELEVANT DEADLINES IN ACCORDANCE <u>WITH THE FIRST PROPOSED SCHEDULING ORDER</u>**

Defendant, James Joseph Owens, through undersigned counsel, without opposition by the United States, through Assistant United States Attorney Sean Sullivan, moves the Court to vacate, continue, and extend the current trial setting of June 16, 2026 and all associated pretrial deadlines in accord with the First Proposed Scheduling Order. As grounds Defendant states:

1. On January 21, 2026, the United States charged Mr. Owens in a thirty-two-count indictment for allegedly violating 8 counts of Title 18 United States Code, Section 1343 (Wire Fraud); 23 counts of Title 18 United States Code Section 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity); and one count of Title 26 United States Code, Section 7201 (Attempt to Evade and Defeat Tax). Doc. 2. As such Mr. Owens faces a substantial amount of jurisdiction and there is a substantial amount of discovery to review and process.

2. On March 5, 2026, the Court entered a Complex Case Designation Order in this case. Doc. 17.

3. Mr. Owens filed his First Motion to Continue Trial on March 10, 2026. Doc. 19. An Order continuing the initial deadlines until June 15, 2026 was entered on March 19, 2026. Doc. 20. It is the trial setting in that Order which this Motion seeks to vacate and continue as well as extending all other pretrial deadlines in accord with the First Proposed Scheduling Order.

4. Defense counsel received discovery and has begun investigation the case as well as locating any potential mitigating information. However, the nature of the discovery received thus far indicates that additional discovery may be forthcoming in addition to the need to engage expert services. Further, defense counsel anticipates engaging the United States in pretrial negotiations including the possibility of a negotiated resolution after reviewing discovery with the Defendant. However, if the parties cannot reach a negotiated resolution, then defense counsel requires additional time to prepare for trial. The right to the effective assistance of counsel includes adequate time to prepare for trial, and effectively complete a defense investigation. Without the time to prepare, the Defendant will be denied their rights to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in the right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare her defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)) (Internal Quotation Marks Omitted). Trial beginning on November 9, 2026 and the proposed deadlines in the Scheduling Order are the minimum amount of time that counsel believes is necessary to resolve the case by negotiation, and set a change of plea hearing should the case resolve by negotiation.

5. Defendant requests a continuance of no less than the proposed November 9, 2026 trial setting from the current setting. Counsel believes that length of time to be the minimum that will be sufficient to complete plea negotiations in this case.

6. In short, denial of the requested continuance would result in a miscarriage of justice and render proceeding to a Plea Hearing, a Motions Hearing, or Jury Trial virtually impossible. Proceeding without a continuance, at this time, will deny adequate time: to reasonably meet and consult with Defendant to fully evaluate his case for constitutional and rule-based motions, to prepare his case including researching the merits of any motions in limine, for Defendant to consider the terms and conditions of any plea offer, to complete a reasonable investigation, or make a fully informed decision about whether to proceed to trial or enter a guilty plea after a complete discussion of her options with counsel. 18 U.S.C. § 3167 (h)(7)(B)(i)-(iv); *United States v. Toombs*, 574 F.3d 1262, 1271-73 (10th Cir. 2009).

7. Undersigned counsel affirmatively states that the ends of justice will be served by granting the extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of Defendant, but was also 'designed with the public interest firmly in mind.'")(quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time in the matter will serve the ends of justice by allowing the defense counsel to complete a thorough review of all discovery, adequately investigate the case, and prepare and file any necessary pretrial motions, complete plea negotiations after addressing all facets of the case with the Defendant. Mr. Owens is out of custody, understands his rights under the Speedy Trial Act, and affirmatively agrees with this requested continuance. Furthermore, this Motion is in no

way predicated upon the congestion of the Court's docket, but rests upon the needs articulated above.

8. Counsel for the United States, Assistant United States Attorney Sean Sullivan, does not oppose the requested continuance.

WHEREFORE, Defendant, through counsel, respectfully requests that the Court continue the trial setting and all associated deadlines at set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas Blvd. NW, Suite 501
Albuquerque, NM 87102
T (505) 346-2489 | F (505) 346-2494
Martin_Juarez@fd.org

*/s/ Electronically filed March 25, 2026*
MARTÍN JUÁREZ, AFPD
Attorney for James Owens