**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. Cr. Nos. 26-0217 KG
26-6138 KG

JAMES JOSEPH OWENS,

Defendant.

**UNITED STATES' SUPPLEMENT TO MOTION TO DETAIN**

The United States respectfully offers this supplement to its Motion to Detain, filed on November 20, 2026. *United States v. Owens*, Cr. No. 26-6138, Doc. 5. The United States respectfully requests the Court detain the defendant, James Joseph Owens (hereinafter, "Defendant"), in both of his pending cases as a flight risk and danger to the community. *See* 18 U.S.C. § 3142. Furthermore, the United States respectfully requests the Court also detain Defendant in his older case, i.e., *United States v. Owens*, Cr. No. 26-217 KG, because Defendant, who was previously released on conditions, is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(2)(B).

Defendant's older case alleges embezzlement of more than $2 million from the Norbertine Community of New Mexico. This matter has also resulted in civil litigation against Defendant. According to state court records, on July 13, 2023, the Norbertine Community of New Mexico filed a lawsuit against Defendant and other parties in the Second Judicial District of the State of New Mexico in Case No. D-202-CV-202305487.[1] The initiation of this case should

[1] This case was eventually dismissed on November 13, 2026.

have provided Defendant with ample notice—even before the filing of the first indictment on January 21, 2026—that Defendant's conduct was under suspicion.

This suspicion should have become even more obvious to Defendant after an anonymous letter to the probate court on February 26, 2025. A copy of this letter is attached as Exhibit 1. The letter references the then-ongoing lawsuit between the Norbertine Community and Defendant. It further states, in pertinent part, "In the lawsuit filed by the religious order, funds are being set aside to pay back the stolen funds. It is possible that Mr. Owens is using assets from the . . . estate to pay back the money he stole from the religious organization."

This anonymous letter is what prompted the probate court to order an accounting of the estate's finances. In response, Defendant provided the letter attached as Exhibit 2 to the probate court on March 17, 2025. The letter includes an attachment with a purported "statement of estimated assets." Conspicuously, this attachment fails to mention any accounts in the name of the Family Revocable Trust at US Bank.

It is difficult to chalk this omission up to an innocent oversight. Indeed, Defendant has been a signatory to two accounts at US Bank regarding the estate. He opened the first (x5936) on February 15, 2023, and the second (x0288) on March 27, 2023. As of the date that Defendant provided his letter of accounting to the probate court, which was March 15, 2025, the first account had a balance of about $11,104.54 and the second account had a balance of about $25.09. Defendant's letter omits this information, however.

Notably, Defendant has transferred large sums of money out of US Bank accounts in the name of the estate to his own personal and business accounts at US Bank and elsewhere. The table attached as Exhibit 3 summarizes much of this activity. Under these circumstances,

Defendant certainly had a motive to hide the existence of the estate accounts at US Bank from the probate court lest the court (and probably others) discover this likely embezzlement of funds.

This sets the stage for discussion of Defendant's lack of candor with this Court and Pretrial Services regarding his conditions of pretrial release. At the prior hearing where the Court imposed conditions of pretrial release in Defendant's earlier case, the Court made clear how important it was for Defendant to be transparent about his finances. Nevertheless, Defendant is now facing possible revocation of those conditions for lack of candor. The United States has obtained records from Vanguard showing Defendant holds at least one personal investment account there. This account was not disclosed to Pretrial Services even though this is the account that was the source of the funds for the $8405.99 deposit into Defendant's Notre Dame Federal Credit Union account on July 29, 2026. According to Pretrial Services, Defendant did not fulfill a request for documentation of the source of these funds.

In addition, the US Bank statement for trust account x5936 for April 11, 2026, to May 12, 2026, shows two transfers to Defendant's personal investment accounts at Vanguard on or about April 29. The first for $3500 and the second for $5000.

At this point, with Defendant picking and choosing what financial information to disclose to Pretrial Services, it is impossible to have a complete picture of his finances. Without such information, it is also impossible to assess whether he has the means to flee should be choose to do so. He should be detained for his risk of flight, danger to the community, and inability to abide by conditions of release.

Respectfully submitted,

TODD W. BLANCHE
Attorney General

RYAN G. ELLISON
First Assistant United States Attorney

/s/ Sean J. Sullivan filed 11/23/2026
SEAN J. SULLIVAN
FREDERICK T. MENDENHALL III
Assistant United States Attorneys
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274; Fax (505) 346-7205
sean.j.sullivan@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 23, 2026, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties and counsel of record to be served, as more fully reflected on the Notice of Electronic Filing.

/s/ Sean J. Sullivan filed 11/23/2026
SEAN J. SULLIVAN
Assistant United States Attorney